# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CYNTHIA LEE,

        Plaintiff,

v.                                        Case No. 6:16-cv-1337-Orl-37GJK

ALLSTATE INDEMNITY COMPANY,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Motion to Remand and Memorandum of Law (Doc. 8), filed August 9, 2016; and

2. Defendant Allstate Indemnity Company's Response and Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. 17), filed August 18, 2016.

Upon consideration, the Court finds that the motion is due to be granted.

## BACKGROUND

On June 1, 2007, Cynthia Lee ("**Plaintiff**") was involved in a rear-end automobile collision with an underinsured motorist in Altamonte Springs, Florida ("**Accident**"). (Doc. 1-1.) At the time of the Accident, Plaintiff was insured by Allstate Indemnity Company ("**Defendant**") under an automobile insurance policy that provided uninsured motorist coverage ("**UM Policy**"). (*Id.* ¶ 5.) After Defendant rejected Plaintiff's demand for $50,000 (*see* Docs. 8-1, 8-2, 8-6), Plaintiff filed a complaint in state court on August 19, 2009, for benefits under the UM Policy. (Doc. 1-1, ¶¶ 1–11.)

Ultimately, a jury rendered a verdict in favor of Plaintiff in the amount of $817,024.00. (Doc. 8-7.) The state court subsequently entered judgment in the amount of $100,000 based on the UM Policy limit. (Doc. 8-8 ("**Final Judgment**").)

After the state appellate court affirmed the Final Judgment (Doc. 8-9), Plaintiff sought leave to amend her complaint to add a bad faith claim ("**Motion to Amend**"). The state court initially denied the Motion to Amend pending the Florida Supreme Court's decision in *Safeco Insurance Company v. Fridman*. (Doc. 8-10.) Following the *Fridman* decision,[1] Plaintiff renewed her motion to amend the complaint ("**Second Motion to Amend**"). The state court granted the Second Motion to Amend on June 22, 2016. (Doc. 8-11 ("**June 22 Order**").) The June 22 Order stated that the amended complaint would be deemed filed on the date of the Order. (*Id.*)

On July 25, 2016, Defendant removed the action, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ("**Notice of Removal**").) Plaintiff timely moved for remand (Doc. 8 ("**Remand Motion**")), and Defendant responded (Doc. 13).[2] The matter is now ripe for the Court's consideration.

## STANDARDS

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The defendant bears the burden of

---

[1] The Supreme Court of Florida issued its *Fridman* decision on February 25, 2016. *See Fridman v. Safeco Ins. Co. of Ill.*, 185 So.3d 1214 (Fla. 2016).

[2] Also pending before the Court is Defendant's motion for dismissal. (Doc. 5 ("**MTD**").) Because the Court concludes that this action is due to be remanded, this Order does not address the MTD.

proving by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Despite a defendant's statutory right to remove, the "plaintiff is still the master of his own claim," and the "[d]efendant's right to remove and [the] plaintiff's right to choose his forum are not on equal footing." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[I]t is axiomatic that ambiguities are generally construed against removal." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006) (citation omitted). Thus, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

A defendant's right to remove is also tempered by procedural time limits under the removal statute. Pursuant to 28 U.S.C. § 1446(b), a defendant may only remove: (1) within thirty days of receiving the initial pleading or service of summons; or (2) within thirty days of receiving "an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which . . . has become removable." In the latter category, a case removed on the basis of diversity jurisdiction may not be removed more than one year after the commencement of the action, unless the district court finds that the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1).

**DISCUSSION**

In the instant motion, Plaintiff seeks remand on the ground that, *inter alia*, Defendant failed to remove the action within one year after its commencement. (Doc. 8, pp. 6–13.) The Court agrees. This action commenced on August 19, 2009, when Plaintiff filed her original complaint. (Doc. 1-1.) Strict construction of the removal statutes dictates

that Defendant may not now remove the action seven years after its commencement.[3]

For its part, Defendant contends that the addition of the bad faith claim on June 22, 2016, created a new and distinct civil action that was independently removable. (Doc. 17, p. 4.) However, the amendment of a complaint does not reset the clock for removal purposes. Under Florida law, an action is deemed commenced when the complaint is filed. *See* Fla. R. Civ. P. 1.050 (stating that a civil action is commenced when the complaint is filed); *see also* Fed. R. Civ. P. 3 (stating the same). Thus, amendment of the complaint to add a bad faith claim does not commence the action anew. *See Van Niekerk v. Allstate Ins. Co.*, No. 12-62368-CIV, 2013 WL 253693, at *2–4 (S.D. Fla. Jan. 23, 2013) (Cohn, J.) (remanding on the ground that the amended bad faith claim was added nearly three years after the action was brought and stating that the addition of a party or claim is not the same as the "commencement of an action"); *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1346–47 (S.D. Fla. 2012) (Hurley, J.) ("[T]he addition of a new claim does not reset the one-year limitation period."); *Daggett v. Am. Sec. Ins. Co.*, No. 2:08-cv-46-FtM-29DNF, 2008 WL 1776576, at *2–3 (M.D. Fla. Apr. 17, 2008) (Steele, J.) (noting that the addition of a bad faith claim "was a new claim" but "not a new civil action").

---

[3] Although not raised in Plaintiff's Remand Motion, the Court notes that Defendant's Notice of Removal was also not filed within thirty days of Plaintiff's addition of the bad faith claim. According to the June 22 Order, Plaintiff's amended complaint was deemed filed on June 22, 2016. (Doc. 8-11.) As such, Defendant had thirty days from that date in which to file a Notice of Removal in this Court. 28 U.S.C. § 1446(b). However, the Notice of Removal was filed on July 25, 2016—thirty-three days after the June 22 Order. (*See* Doc. 1.) As the Court may not *sua sponte* remand an action based on procedural defects in the removal process, *Whole Health Chiropractic & Wellness, Inc.*, 254 F.3d 1317, 1318 (11th Cir. 2001), the Court limits its consideration in this Order to the grounds raised in Plaintiff's Remand Motion.

Indeed,

> "[e]ven when an action includes multiple claims by various plaintiffs against multiple defendants, the commonly understood meaning of the 'commencement of the action' is when the original complaint is filed that sets in motion the resolution of all claims, even though an action often includes the addition of new claims and parties as the action progresses."

*Lopez v. Robinson Aviation (RVA), Inc.*, No. 10-60241-CIV, 2010 WL 3584446, at *2 (S.D. Fla. Apr. 21, 2010) (Moore, J.). This Court therefore disagrees with other courts that have held that because the bad faith claim is separate from the UM claim, the amendment of a complaint adding a bad faith claim resets the timeliness provisions of § 1446. *See, e.g.*, *Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-CV-1949-T27-TBM, 2007 WL 2029334, at *2 (M.D. Fla. July 11, 2007) (Whittemore, J.) (stating that the amended bad faith claim was a "separate and distinct cause of action" and that the defendant was not precluded from removing it more than one year after the original UM claim was filed). Because this case was removed almost seven years after the action commenced, removal was untimely and Plaintiff's Remand Motion is due to be granted.

In a practical sense, the post-verdict addition of a bad faith claim does indeed introduce a separate and independent cause of action. However, where a state court allows a plaintiff to amend his complaint following a verdict on his UM claim, rather than requiring him to file a new action, the addition of a bad faith claim does not trigger the commencement of a new action within the meaning of § 1446.

In cases that do not become removable within one year of the filing of the UM claim, this practice will undoubtedly force many insurers to litigate bad faith claims in state court. While the one-year time limit may seem "arbitrary and unfair," such a limitation

5

is "an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Ultimately, the "plaintiff is still the master of his own claim," *Burns*, 31 F.3d at 1095, and this Court may only apply § 1446 as Congress drafted it—imposing a one-year limitation on removal in diversity cases not initially removable, which begins with commencement of the action.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Remand and Memorandum of Law (Doc. 8) is **GRANTED**.

2. The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 26, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Circuit Court of the Eighteenth
Judicial Circuit in and for Seminole
County, Florida